Anthony J. MELARAGNI, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–340.

United States Court of Veterans Appeals.

Jan. 13, 1992.

Before FARLEY, Associate Judge.

ORDER

On August 26, 1991, appellant filed an informal brief, arguing a December 5, 1990, Board of Veterans' Appeals (BVA or Board) decision was clearly erroneous in denying appellant a rating increase for postoperative residuals of a herniated disk. Specifically, appellant asserts that the Board ignored evidence in his favor and request that the Court increase his disability rating from 40% to 60%.

On October 25, 1991, the Secretary of Veterans Affairs filed a motion for remand and to stay further proceedings. The Sec-

retary submits that the BVA erred by its failure (1) to cite to independent medical evidence supportive of its findings, (2) to discuss fully its decision, and (3) to provide reasons and bases for its conclusions, including the application of the provisions of 38 C.F.R. § 4.7, as required by this Court in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). The Secretary moves that this appeal be remanded to the BVA with instructions to address the asserted deficiencies of the BVA decision.

Appellant had not responded to the Secretary's motion, and on November 27, 1991, the Court granted the Secretary's motion for a stay and ordered appellant to file, within 30 days of the date of the order, a response as to why the Secretary's motion should not be granted. The appellant has not responded.

Because it is not the function of this Court to assign a rating, but rather, to decide whether the BVA clearly erred in denying appellant's request for an increased rating, the Court will grant the Secretary's motion for remand. *See generally Gilbert*, 1 Vet.App. at 53. Even if the Court were to agree with appellant that the BVA decision was clearly erroneous, the final result would be the same as that presently sought by the Secretary: a Court order remanding the case for readjudication of appellant's claim upon proper application of the controlling statutes and regulations and providing an adequate explanation of the reasons or bases for the decision.

There is no need for the Court to specifically order the Board to address the deficiencies asserted by the Secretary. "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

On consideration of the foregoing. It is therefore

ORDERED that the Secretary's motion for a remand is granted. It is further

ORDERED that the Board's December 5, 1990, decision is vacated and the matter is remanded pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)) to permit further development, including an examination, if necessary, and readjudication.